IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELVIRA HYSKA, on behalf of herself and the class of those similarly-situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | Case No, 1:21-cv-02365 |
| v. | Judge Andrea R. Wood |
| FOGO DE CHAO CHURRASCARIA NAPERVILLE LLC, FOGO DE CHAO INC., and FOGO DE CHAO HOLDINGS, INC., | Magistrate Judge Young B. Kim |
| Defendants. | |

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff respectfully moves this Court for leave to file her Second Amended Complaint, a copy of which is attached to this motion. (Plaintiff's First Amended Complaint was filed to simply correct an error in the caption of the original Complaint.) In support of this motion plaintiff states as follows:

1. Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint is to be freely given when justice so requires. Leave to amend is generally denied only "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal, Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001); *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of those circumstances exist here. *See Runnion ex rel Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519 (7th Cir. 2015); *McDaniel v. Loyola University Medical Center*, 317 F.R.D. 72 (N.D.Ill. 2016); and *Spano v. The Boeing Co.*, 2007 WL 4390366

(S.D.Ill. 2007). "'[A]pplying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on the merits.'" *Democratic Nat'l Committee v. Bostelmann*, 466 F.Supp.3d 957, 962 (W.D.Wisc. 2020), *quoting from Runnnion*, 786 F.2d at 520 (7th Cir. 2015).

2. This is an employment sex and age discrimination case, brought as an individual and class action.

3. The case is in its early stage. Defendant has not yet issued any written discovery and no depositions have yet been taken. Plaintiff has issued written discovery and defendant has answered that discovery. Those discovery answers are the subject of ongoing discussions, as plaintiff's counsel believes the answers are incomplete and objections are not well-founded. Plaintiff's proposed amendment to the First Amended Complaint will not require plaintiff to issue a new initial round of written discovery.

4. Plaintiff seeks to make two changes in filing the Second Amended Complaint.

5. First, plaintiff seeks to add claims of sex discrimination in pay under Title VII and the Equal Pay Act, brought as both individual and class claims. These allegations are brought now because defendant recently produced as part of its document production a document showing that the average rate of pay for female assistant managers is substantially less than the average rate of pay for male assistant managers and the average rate of pay for female general managers is substantially less than the average rate of pay for male general managers. Plaintiff did not have this information when she filed her initial Complaint or First Amended Complaint and has moved to amend the Complaint promptly upon receiving it.

6. The allegation of pay discrimination is in accord with plaintiff's personal experience. Plaintiff, an assistant manager, is paid less than the male assistant manager who also works at her restaurant.

7. Defendant cannot be surprised by plaintiff's allegations of individual and class-wide pay discrimination. Plaintiff wrote in her EEOC charge, "I charge that I am being paid less because of my sex and age and that Fogo de Chao discriminates against women as a class in compensation,"

8. Adding these allegations will not prejudice defendant. As noted above, defendant has not yet issued any discovery. Adding these allegations will not require that a new round of discovery be issued by plaintiff, as plaintiff's initial round of written discovery already asked for compensation information with respect to female and male employees.

9. The second change in the proposed Second Amended Complaint is to remove the class action allegations in plaintiff's promotion discrimination claim, so that her promotion discrimination claim is pursued solely on an individual basis. This change is made because discovery provided by defendant indicates that there are not enough women who applied for the general manager position to meet the numerosity requirement for class certification under Fed.R.Civ.P. 23. Defendant clearly will not be prejudiced by the elimination of class allegations in plaintiff's Complaint.

10. Because amendments to a complaint should be freely allowed in the absence of prejudice or other circumstances that are not present here, plaintiff respectfully suggests that this motion should be granted.

    WHEREFORE, plaintiff respectfully requests that plaintiff's motion be granted and that she be granted leave to file her Second Amended Complaint.

Respectfully submitted,

By: /s/ Paul Strauss
      Paul Strauss
      Jamie S. Franklin

Paul Strauss
5525 S. Woodlawn Ave.
Chicago, IL 60637
(312) 751-1170
pstr1968@gmail.com

Jamie S. Franklin, ARDC No. 6242916
Assistant Clinical Professor of Law
The Civil Litigation Clinic at
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048
(773) 696-1478 (fax)
jfranklin5@kentlaw.iit.edu